# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## Eastern Division

| | |
|---|---|
| PHILIPS LIGHTING NORTH AMERICA CORPORATION and PHILIPS LIGHTING HOLDING B.V.<br><br>    Plaintiffs,<br>    v.<br><br>HOWARD INDUSTRIES, INC. d/b/a HOWARD LIGHTING<br><br>    Defendant. | C.A. No. 2:18-cv-12-KS-MTP |

## DEFENDANT HOWARD INDUSTRIES, INC. D/B/A HOWARD LIGHTING'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................. 2

III. LEGAL STANDARD ............................................................................................................. 4

    A. Standard for Judgment on the Pleadings ................................................................. 4

    B. The Notice and Marking Requirements Under 35 U.S.C. § 287(a) ........................ 5

    C. Patent Expiration ..................................................................................................... 6

IV. ARGUMENT .......................................................................................................................... 7

    A. Philips Lighting Cannot Recover Pre-Suit Damages from the Alleged Infringement of the '774 Patent ................................................................................ 7

    B. Philips Lighting Cannot Recover Post-Suit Damages from the Alleged Infringement of the '774 Patent .............................................................................. 10

    C. Philips Lighting Cannot Get Injunctive Relief on the '774 Patent Because It has Expired ........................................................................................................ 12

V. CONCLUSION ..................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page(s)**

*aaiPharma Inc. v. Thompson*,
   296 F.3d 227 (4th Cir. 2002) ...............................................................................................11

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)..............................................................................................5, 6

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..........................................................................................5, 6

*AstraZeneca AB v. Apotex Corp.*,
   782 F.3d 1324 (Fed. Cir. 2015)..............................................................................................7

*Automated Tracking Solutions., LLC v. Coca-Cola Co.*,
   — F. App'x. —, No. 2017-1494, 2018 WL 935455 (Fed. Cir. Feb. 16, 2018)........................4

*Brulotte v. Thys Co.*,
   379 U.S. 29 (1964)................................................................................................................10

*Cerro Wire Inc. v. Southwire Co.*,
   777 F. Supp. 2d 1334 (N.D. Ga. 2011) .................................................................................11

*Cognex Corp. v. Microscan Sys., Inc.*,
   990 F. Supp. 2d 408 (S.D.N.Y. 2013)................................................................................8, 9

*Devices for Med., Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987)..............................................................................................6

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
   717 F.3d 1336 (Fed. Cir. 2013)............................................................................................12

*Dunlap v. Schofield*,
   152 U.S. 244 (1894)................................................................................................................5

*Ferguson v. Extraco Mortg. Co.*,
   264 F. App'x 351 (5th Cir. 2007) ...........................................................................................8

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001)..............................................................................................5

*Gentilello v. Rege*,
   627 F.3d 540 (5th Cir. 2010) .................................................................................................4

*Golan v. Pingel Enter., Inc.*,
   310 F.3d 1360 (Fed. Cir. 2002)..............................................................................................4

*Jackson v. Intel Corp.*,
    No. 09 C 2178, 2009 WL 2851742 (N.D. Ill. Aug. 31, 2009) ................................... 8, 9, 10, 13

*Jacobson v. Lee*,
    1 F.3d 1251 (Fed. Cir. 1993) .............................................................................................. 6

*Kearns v. Chrysler Corp.*,
    32 F.3d 1541 (Fed. Cir. 1994) ...................................................................................... 7, 12

*Kimble v. Marvel Entm't, LLC*,
    135 S. Ct. 2401 (2015) ................................................................................................ 7, 10

*Lans v. Digital Equip. Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001) ........................................................................................ 12

*McGee v. Citi Mortg., Inc.*,
    680 F. App'x 287 (5th Cir. 2017) ...................................................................................... 9

*Medidata Solutions, Inc. v. DATATRAK Int'l, Inc.*,
    No. CIV. 12-4748, 2013 WL 1989854 (D.N.J. May 13, 2013) ...................................... 11

*In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*,
    No. CIV.A. 06-52, 2010 WL 1485328 (D. Del. Apr. 13, 2010) ..................................... 11

*Mylan Labs., Inc. v. Thompson*,
    332 F. Supp. 2d 106 (D.D.C. 2004), *aff'd*, 389 F.3d 1272 (D.C. Cir. 2004) ................ 6, 10

*Nichia Corp. v. Seoul Semiconductor Co.*,
    No. C 06-0162, 2008 WL 2095796 (N.D. Cal. May 14, 2008) ...................................... 13

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1437 (Fed. Cir. 1998) .......................................................................................... 5

*Noble v. Bank of Am., N.A.*,
    No. 1:15CV352-LG-RHW, 2016 WL 70859 (S.D. Miss. Jan. 6, 2016) ........................... 5

*Osteotech, Inc. v. Regeneration Techs., Inc.*,
    No. CIVA306CV-04249, 2008 WL 4449564 (D.N.J. Sept. 25, 2008) ............................. 8

*Ranbaxy Labs. Ltd. v. U.S. Food & Drug Admin.*,
    307 F. Supp. 2d 15 (D.D.C. 2004), *aff'd*, 96 F. App'x 1 (D.C. Cir. 2004) ..................... 10

*Sears, Roebuck & Co. v. Stiffel, Co.*,
    376 U.S. 225 (1964) ..................................................................................................... 6, 12

*Singer Mfg. Co. v. June Mfg. Co.*,
    163 U.S. 169 (1896) ........................................................................................................... 6

*Smith v. St. Jude Med.*,
   No. 1:15-CV-263-KS-RHW, 2015 WL 9094383 (S.D. Miss. Dec. 16, 2015) ..........................8

*Tech. Licensing Corp. v. Thomson, Inc.*,
   No. CIV. S-031329, 2005 WL 1562225 (E.D. Cal. June 30, 2005) ......................................8, 9

*United States v. GSD&M Idea City LLC*,
   No. 3:11-CV-1154, 2014 WL 11320447 (N.D. Tex. June 10, 2014), *aff'd*, 798
   F.3d 265 (5th Cir. 2015) ......................................................................................................4, 8

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   34 F. Supp. 3d 1061, 1097 (C.D. Cal. 2014) ...........................................................................5

*Wildman v. Medtronic, Inc.*,
   874 F.3d 862 (5th Cir. 2017) ...................................................................................................4

**Statutes**

21 U.S.C. § 355................................................................................................................................11

35 U.S.C. § 154............................................................................................................................6, 11

35 U.S.C. § 271............................................................................................................................6, 11

35 U.S.C. § 287........................................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 12(c) ...................................................................................................................1, 4

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Howard Industries, Inc. d/b/a Howard Lighting ("Howard") respectfully moves for a judgment in favor of Howard on Count Five of Plaintiffs Philips Lighting North America Corporation and Philips Lighting Holding B.V.'s ("Philips Lighting") Complaint for Patent Infringement (Doc. No. [1], "Complaint" or "Compl."), which alleges that Howard has infringed and continues to infringe U.S. Patent No. 6,250,774 (the "'774 patent").

The '774 patent expired the day Philips Lighting filed its Complaint [1], and Philips Lighting's claims for prospective relief on the '774 patent—both monetary and injunctive—seek to improperly extend the life of the patent and must be dismissed with prejudice. Further, in order to collect pre-suit damages on the '774 patent, Philips Lighting must have given Howard either actual notice of the alleged infringement or constructive notice through compliance with the marking requirement under § 287(a) of the Patent Act. Philips Lighting has failed to do either. As alleged in the Complaint [1], actual notice was given via service of the Complaint [1] on January 25, 2018, two days after the patent had already expired. Philips Lighting's failure to plead compliance with the marking statute alone prevents it from relying on a constructive notice theory. Indeed, Philips Lighting has previously asserted the '774 patent in a dozen litigations and has licensed the '774 patent to around 800 licensees, but Philips Lighting does not allege that a single product that practiced the '774 patent was properly marked.

Accordingly, Philips Lighting fails to state a valid claim of relief with respect to the '774 patent. Even if the parties continue to take discovery and litigate regarding this matter, there is no relief this Court may award Philips Lighting regardless of the merits. Philips Lighting's claim of infringement of the '774 patent must be dismissed with prejudice, and judgment should be

entered in favor of Howard on Count Five of the Complaint [1] to avoid any future waste of judicial resources.

## II.  FACTUAL BACKGROUND

On January 23, 2018, Philips Lighting filed its Complaint [1], accusing Howard of infringing five U.S. patents: U.S. Patent Nos. 7,262,559 (the "'559 patent"), 6,577,512 (the "'512 patent"), 6,586,890 (the "'890 patent"), 8,063,577 (the "'577 patent"), and the '774 patent.  The summons was returned two days later, with proof of service dated January 25, 2018.  Doc. No. [5].  According to its Complaint [1], Philips Lighting seeks both monetary damages and an injunction as relief for the alleged infringement.

The '774 patent was filed on January 23, 1998 and expired on January 23, 2018, the same day the Complaint [1] was filed.  Compl. Ex. 5 [1-6].  Despite the fact that the '774 patent has expired, Philips Lighting alleges that "[it] has suffered and continues to suffer damages as a result of Defendant's infringement of the '774 Patent."  Compl. [1] ¶ 199.  Philips Lighting also alleges that "Defendant's infringement of the '774 Patent is causing irreparable harm for which Philips Lighting has no adequate remedy at law unless Defendant is enjoined by this Court," and claims that "Philips Lighting is entitled to a permant injunction against further infringement of the '774 Patent."  *Id.* ¶ 200.

Philips Lighting does not allege that it marked the products it sold, nor that its licensees marked the products that they sold, that embody the '774 patent pursuant to 35 U.S.C. § 287(a).  *See generally* Compl. [1].  Philips Lighting also does not allege that it gave proper notice to Howard of the '774 patent at any time before the lawsuit was filed.  Compl. [1] ¶ 201; *cf. id.* ¶¶ 96, 141, 170, Ex. 19 [1-20].  Instead, Philips Lighting alleges, "Defendant has been aware of and has had notice of the '774 Patent and its infringement of the '774 Patent at least as early as the service of this Complaint."  Compl. [1] ¶ 201.

2

Howard filed its Amended Answer, Defenses, and Counterclaims (Doc. No. [19], "Amended Answer" or "Am. Answer") on April 24, 2018, pursuant to the Court's April 13, 2018 order. As stated in the Amended Answer [19], the '774 patent was asserted in at least 12 litigations prior to this one, where Philips Lighting and/or its related entities accused defendants (or counter-defendants) of "engag[ing] in activities that infringe[d] the '774 patent by making, using, offering to sell, selling and/or importing LED Lighting Devices" that practiced the '774 patent. *See, e.g.*, Compl. ¶ 18, *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, C.A. No. 15-cv-03979 (S.D.N.Y. May 22, 2015); Compl. ¶ 13, *Koninklijke Philips N.V. v. JST Performance, Inc.*, Case No. 14-cv-1189 (M.D. Fla. July 23, 2014); Compl. ¶ 12, *Koninklijke Philips Electronics N.V. v. Aurora Lighting, Inc.*, C.A. No. 12-cv-12049 (D. Mass. Nov. 2, 2012). All of those litigations have been voluntarily or jointly dismissed. Am. Answer [19] at 44-45. Some stipulations of dismissal from the previous litigations explicitly state that settlement agreements had been reached. *See, e.g.*, Docket No. [50]. *Koninklijke Philips N.V. v. Troy-CSL Lighting, Inc.*, C.A. No. 15-cv-11053 (D. Mass. Jan. 8, 2016); Docket No. [29], *Koninklijke Philips N.V. v. Schréder Lighting LLC*, C.A. No. 14-cv-12282 (D. Mass. Oct. 29, 2014). And almost all defendants (or counter-defendants) from those litigations are now listed as licensees to Philips Lighing's patent portfolio containing the '774 patent on Philips Lighing's website. *See* http://www.lighting.philips.com/main/ip/licensing/led-based-luminaires-and-retrofit-bulbs. A redacted version of the settlement agreement in one of the previous litigations—*Koninklijke Philips v. Nexxus Lighting, Inc.*, 12-cv-10549 (D. Mass.)—is publicly accessible. Am. Answer [19] at 44 (citing https://www.sec.gov/Archives/edgar/data/917523/000119312512469039/d422675dex101.htm). Pursuant to this version of the settlement agreement, Philips Lighting has granted Nexxus

3

Lighting, Inc., the defendant from the previous litigation, a license to a patent portfolio including the '774 patent, without any explicit requirement that the licensee mark any product with any patent, including the '774 patent. *Id.* There are around 800 licensees to the patent portfolio containing the '774 patent. Am. Answer [19] at 41 (citing http://www.lighting.philips.com/main/ip/licensing/led-based-luminaires-and-retrofit-bulbs).

Philips Lighting filed its Answer to Defendant's Amended Counterclaims (Doc. No. [26]) on May 8, 2018. Philips Lighting does not dispute the above facts in its Answer to Defendant's Amended Counterclaims [26], and nothing contained therein is relevant to the present Motion.

## III. LEGAL STANDARD

### A. Standard for Judgment on the Pleadings

In deciding motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court should apply the procedural law of the regional circuit. *Automated Tracking Solutions., LLC v. Coca-Cola Co.*, — F. App'x. —, No. 2017-1494, 2018 WL 935455, at *3 (Fed. Cir. Feb. 16, 2018). For all substantive issues of patent law, Federal Circuit law applies. *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1368 (Fed. Cir. 2002) (citing *U.S. Hohri*, 482 U.S. 64, 75 (1987)).

In the Fifth Circuit, courts may decide a motion under Rule 12(c) for judgment on the pleadings by referring to the pleadings and to any facts of which the court may take judicial notice. *Wildman v. Medtronic, Inc.*, 874 F.3d 862, 866 n.2 (5th Cir. 2017); *United States v. GSD&M Idea City LLC*, No. 3:11-CV-1154, 2014 WL 11320447, at *2 (N.D. Tex. June 10, 2014), *aff'd*, 798 F.3d 265 (5th Cir. 2015). The central inquiry is whether, in the light most favorable to the plaintiff, the complaint fails to state "a valid claim for relief." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). "A motion for judgment on the pleadings must be sustained where the undisputed

facts appearing in the pleadings, supplemented by any facts of which the court will take judicial notice, show that no relief can be granted." *Noble v. Bank of Am., N.A.*, No. 1:15CV352-LG-RHW, 2016 WL 70859, at *1 (S.D. Miss. Jan. 6, 2016) (quoting *J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78–79 (5th Cir.1962)).

### B. The Notice and Marking Requirements Under 35 U.S.C. § 287(a)

When a patentee or its licensee has sold patented articles covered by a patent, the amount of damages the patentee can recover in an infringement suit based on that patent is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer notice of the alleged infringement. 35 U.S.C. § 287(a); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). For purposes of § 287(a), actual notice of the alleged infringement requires "affirmative communication of a specific charge of infringement by a specific accused product or device," and notice of the mere existence of a patent is insufficient *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

As an alternative to actual notice, the statute also permits constructive notice, which is accomplished by marking products that practice the patent with the patent number. *Gart*, 254 F.3d at 1345; 35 U.S.C. § 287(a). To rely on a constructive notice theory, the patentee bears the burden of both pleading and proving compliance with § 287(a)'s marking requirement. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)); *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894). Compliance with the marking statute requires that the patentee and its licensees have marked "substantially all" of their products covered by the patent, and that the marking practice remained substantially continuous and consistent. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998); *see also Universal Elecs., Inc. v. Universal Remote*

5

*Control, Inc.*, 34 F. Supp. 3d 1061, 1097 (C.D. Cal. 2014) (holding that the failure to mark 23% of embodying products "fail[ed] the 'substantially all' requirement by a wide measure").

Even where a patentee has marked substantially all of its own products, the amount of recoverable damages is still limited by its licensees' failure to mark, because the statute extends to "'persons making or selling any patented article for *or under*' the patentee." *Arctic Cat*, 876 F.3d at 1366  (quoting 35 U.S.C. § 287(a)) (emphasis added); *Amsted*, 24 F.3d at 185 ("A licensee who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked.").  The Federal Circuit recognizes that it may be difficult for a patentee to ensure the licensees' compliance with the marking provisions, but still requires that the patentee "make reasonable efforts to ensure compliance with the marking requirements," such as through a provision in the license agreement requiring the licensee to mark products covered by the patent. *Arctic Cat*, 876 F.3d at 1366-67; *see also Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987).

**C.     Patent Expiration**

Pursuant to 35 U.S.C. § 154, the term of a patent shall "begin[] on the date on which the patent issues and end[] 20 years from the date on which the application for the patent was filed in the United States."  35 U.S.C. § 154(a).  A patent expires at midnight on the date of expiration. *See Mylan Labs., Inc. v. Thompson*, 332 F. Supp. 2d 106, 122 (D.D.C. 2004), *aff'd*, 389 F.3d 1272 (D.C. Cir. 2004); *Jacobson v. Lee*, 1 F.3d 1251 (Fed. Cir. 1993).

The right to exclude others from practicing the claimed invention may only be exercised for activity that occurs during the term of the patent.  35 U.S.C. § 271(a).  Upon expiration of the patent term, the claimed invention is automatically dedicated to the public and the public may freely practice the patent. *Sears, Roebuck & Co. v. Stiffel, Co.*, 376 U.S. 225, 230 (1964); *Singer Mfg. Co. v. June Mfg. Co.*, 163 U.S. 169, 185 (1896).  Conduct that occurs after a patent expires

cannot be infringement. *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1549-51 (Fed. Cir. 1994). Thus, a patentee cannot obtain any injunctive relief regarding conduct that occurs after a patent expires. *Id.* Similarly, a patentee cannot recover damages based on conduct occurring post-expiration, because doing so impermissibly extends the term of the patent and is *per se* unlawful. *Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2411 (2015); *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1344 n.8 (Fed. Cir. 2015).

## IV. ARGUMENT

Philips Lighting is barred from seeking any remedy for alleged infringement of the '774 patent in this case. Philips Lighting is barred from seeking pre-suit damages from the alleged infringement of the '774 patent because it failed to give Howard either actual or constructive notice of the alleged infringement before the commencement of this lawsuit. Post-suit damages and injunctive relief are also unavailable because the '774 patent expired before both the filing and the service of the Complaint [1]. Consequently, Philips Lighting is entitled to no relief whatsoever from the alleged infringement of the '774 patent as a matter of law.

### A. Philips Lighting Cannot Recover Pre-Suit Damages from the Alleged Infringement of the '774 Patent

Philips Lighting cannot recover pre-suit damages from the alleged infringement of the '774 patent because it failed to give actual notice of the alleged infringement before the commencement of this lawsuit and it failed to comply with the marking requirement under 35 U.S.C. § 287(a). As Philips Lighting itself alleges, Howard did not receive actual notice of the '774 patent until the service of the Complaint [1]. Compl. [1] ¶ 201. Philips Lighting thus cannot recover pre-suit damages unless it has complied with the marking requirement with respect to the '774 patent, which it has failed to do.

Philips Lighting has failed to plead in its Complaint [1] that it has complied with the marking requirement, and this failure alone bars Philips Lighting from relying on a construction notice theory and seeking damages from the alleged infringement of the '774 patent before Howard received actual notice of the alleged infringement. *See generally* Compl. [1]; *Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408, 417 (S.D.N.Y. 2013) (granting partial summary judgment of no pre-notice damages due to plaintiffs' failure to plead compliance with the marking statute); *Jackson v. Intel Corp.*, No. 09 C 2178, 2009 WL 2851742, at *2 (N.D. Ill. Aug. 31, 2009) (same); *Tech. Licensing Corp. v. Thomson, Inc.*, No. CIV. S-031329, 2005 WL 1562225, at *3 (E.D. Cal. June 30, 2005).

Philips Lighting cannot argue that there was never any product sold or licensed that practiced the '774 patent, such that marking is not required to recover pre-suit damages. As Howard stated in the Amended Answer [19], Philips Lighting has taken the position that over a dozen companies—who eventually became licensees—sold products that infringed the '774 patent. Am. Answer [19] at 44-45. This Court may take judicial notice of the infringement claims Philips Lighting made in those cases. *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of 'a document filed in another court ... to establish the fact of such litigation and related filings.'"); *see also GSD&M Idea City*, 2014 WL 11320447, at *2; *Smith v. St. Jude Med.*, No. 1:15-CV-263-KS-RHW, 2015 WL 9094383, at *3 (S.D. Miss. Dec. 16, 2015) ("[U]nder FRE 201(c), the court must take judicial notice if a party requests it and the court is supplied with the necessary information.") (internal citation omitted). Philips Lighting cannot argue that the products accused of infringing the '774 patent in those litigations do not practice the '774 patent. *Osteotech, Inc. v. Regeneration Techs., Inc.*, No. CIVA306CV-04249, 2008 WL 4449564, at *7 (D.N.J. Sept. 25, 2008) (granting partial summary

8

judgment of no pre-suit damages on the ground of licensee's failure to mark and rejecting plaintiff's claim that the licensee's products, which were accused of infringement in a previous lawsuit, did not practice the patent). Philips Lighting's failure to allege even a single product of those licensed products that was properly marked with the '774 patent constitutes failure to comply with the marking requirement under § 287(a).

As a result, Philips Lighting is barred from seeking pre-suit damages on the '774 patent because it failed to plead compliance with the marking requirement or give actual notice to Howard before commencement of this action. *Cognex*, 990 F. Supp. 2d at 417; *Jackson*, 2009 WL 2851742, at *2; *Tech. Licensing*, 2005 WL 1562225, at *3. Philips Lighting should not be granted leave to amend the Complaint [1], because it had all the information regarding its compliance (or failure thereof) with the marking statute before the Complaint [1] was filed. *Cognex*, 990 F. Supp. 2d at 417 (denying plaintiffs leave to replead constructive notice because post-complaint conduct "is irrelevant to the marking statute inquiry"). Indeed, the '774 patent expired on the same day as the filing of the Complaint [1], and nothing that arises thereafter can be relevant to Philips Lighting's compliance with the marking statute during the life of the '774 patent. Further, any leave to amend would be futile, because Philips Lighting does not require its licensees to mark any product with the '774 patent or take other reasonable efforts to ensure that its licensees comply with the marking requirements. *McGee v. Citi Mortg., Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017) ("The district court may deny leave to amend if the amendment would be futile because 'the amended complaint would fail to state a claim upon which relief could be granted.'") (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)); Am. Answer [19] at 44; *see*

https://www.sec.gov/Archives/edgar/data/917523/000119312512469039/d422675dex101.htm;

9

*see also Jackson*, 2009 WL 2851742, at *6 (noting, "even if Jackson began to require licensing at some later point in time, there were still at least six licensees who were allowed to produce unmarked products at that point," and holding that further discovery on marking provisions in other license agreements would be futile).

The Court should enter judgment in favor of Howard that Philips Lighting is not entitled to pre-suit damages from the alleged infringement of the '774 patent.

### B. Philips Lighting Cannot Recover Post-Suit Damages from the Alleged Infringement of the '774 Patent

Philips Lighting is only entitled to damages on the '774 patent accruing after actual notice of the alleged infringement, which, according to its pleading, was January 25, 2018, two days after the '774 patent expired. Compl. [1] ¶ 201. The law is clear that Philips Lighting cannot recover damages on an expired patent, and that doing so would be *per se* unlawful. *Kimble*, 135 S. Ct. at 2411; *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964) ("'[W]hatever the legal device employed' a projection of the patent monopoly after the patent expires is not enforceable.") (internal citations omitted).

In the event Philips Lighting seeks to deviate from its pleading and claim that notice was effective at the *filing* of the Complaint instead of service, its claim for damages for the '774 patent is equally unavailing. Indeed, the '774 patent expired at midnight on January 23, 2018— i.e., the very start of the day—before the Complaint [1] was filed. *Ranbaxy Labs. Ltd. v. U.S. Food & Drug Admin.*, 307 F. Supp. 2d 15, 19 (D.D.C. 2004), *aff'd*, 96 F. App'x 1 (D.C. Cir. 2004) (patent expires "at the 'magic moment' of midnight"); *Mylan Labs., Inc. v. Thompson*, 332 F. Supp. 2d 106, 122 (D.D.C. 2004), *aff'd*, 389 F.3d 1272 (D.C. Cir. 2004). That a patent expires at the very start of its expiration date is consistent with the legal doctrine that a patent is deemed enforceable from the very start of its issue date, even if the patent is not actually issued

by the Patent Office until later on that day. *Cerro Wire Inc. v. Southwire Co.*, 777 F. Supp. 2d 1334, 1336 (N.D. Ga. 2011) (agreeing that "patents are not issued at a particular time, but only on a particular day, and therefore, that a declaratory judgment plaintiff in a patent case may file suit at any time on the day the patent issues, beginning with the moment immediately after midnight"); *see also Medidata Solutions, Inc. v. DATATRAK Int'l, Inc.*, No. CIV. 12-4748, 2013 WL 1989854, at *1 n.3 (D.N.J. May 13, 2013); 35 U.S.C. § 154(a)(2) (a patent is in effect "for a term *beginning on the date on which the patent issues*") (emphasis added). Because Philips Lighting could enforce the '774 patent from the very beginning of the day of issuance, it could not also enforce the '774 patent on the day of expiration, as doing so would effectively give it an extra day of patent protection. Further, a usual practice of the FDA is to approve generic drug applications (Abbreviated New Druge Application, or "ANDA") for compositions covered by a patent on the patent expiration date—i.e., 20 years from the date of filing of the patent, not 20 years plus one extra day. *See In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*, No. CIV.A. 06-52, 2010 WL 1485328, at *2 (D. Del. Apr. 13, 2010) ("[T]he ANDA may be approved on the patent expiration date."); *aaiPharma Inc. v. Thompson*, 296 F.3d 227, 232 (4th Cir. 2002) ("An ANDA […] becomes effective on the patent's expiration date"); 35 U.S.C. § 271(e)(4)(A) ("[T]he court shall order the effective date of any approval of the drug or veterinary biological product involved in the infringement to be *a date which is not earlier than the date of the expiration of the patent which has been infringed*.") (emphasis added); 21 U.S.C. §§ 355(j)(2)(A)(vii)(III), 355(j)(5)(B)(ii) (the approval shall be made effective on "the date on which such patent will expire"). Because the submission of a generic drug application for compositions covered by valid and unexpired patents constitutes patent infringement under 35 U.S.C. § 271(e), FDA's practice of approving such application on the day the patent expires

indicates that the patent has already expired at the very beginning of the day. The '774 patent thus expired at the stroke of midnight, as the calender rolled over from January 22, 2018 to January 23, 2018, before Philips Lighting filed its Complaint [1].

Therefore, the '774 patent expired before both the filing and the service of the Complaint [1]. Philips Lighting cannot seek post-suit damages from the alleged infringement of the '774 patent. Any leave to amend would be futile, because Philips Lighting cannot possibly change the time of expiration of the '774 patent or the times of filing and service of its Complaint [1].

### C. Philips Lighting Cannot Get Injunctive Relief on the '774 Patent Because It has Expired

Philips Lighting's request for injunctive relief against the alleged infringement of the '774 patent must be denied, because there is no dispute that the '774 patent is now expired. *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1343 (Fed. Cir. 2013) ("[A]n injunction on the technology covered by that [expired] patent is moot."); *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994); *Sears, Roebuck & Co. v. Stiffel, Co.*, 376 U.S. 225, 229 (1964) ("[W]hen the patent expires the monopoly created by it expires, too, and the right to make the article … passes to the public."). Philips Lighting's request for an injunction against the alleged infringement of the '774 patent improperly seeks to extend the life of an expired patent, and the Court must dismiss it with prejudice.

Accordingly, Philips Lighting is not entitled to either pre- or post-suit damages or injunctive relief from the alleged infringement of the '774 patent. The Complaint [1] thus fails to allege a valid claim for relief for the '774 patent, even in the light most favorable to Philips Lighting. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("Because Uniboard's licensees did not mark their products and because Uniboard did not inform the Computer Companies of infringement before expiration of the '986 patent, § 287(a) prevents

Uniboard from collecting damages from the Computer Companies.  Moreover, the district court cannot enjoin the Computer Companies from infringing an expired patent.  Thus, the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted."); *Jackson*, 2009 WL 2851742, at *2.  Any amendment would be futile, and it would be a significant waste of resources for the parties to engage in discovery and keep litigating this matter in front of the Court.  *Nichia Corp. v. Seoul Semiconductor Co.*, No. C 06-0162, 2008 WL 2095796, at *2 (N.D. Cal. May 14, 2008).

V.  **CONCLUSION**

For the foregoing reasons, Howard respectfully requests that the Court dismiss Philips Lighting's claim of infringement of the '774 patent with prejudice and enter judgment in favor of Howard on Count Five of the Complaint [1].

Dated: May 8, 2018						Respectfully Submitted,

*/s/ Richard Lewis Yoder, Jr.*
Richard L. Yoder MSB # 6640
Richard L. Yoder, Jr. MSB #100312
GILCHRIST SUMRALL YODER YODER &
LEGGETT, PLLC
415 North Magnolia Street, Suite 400 (39440)
P.O. Box 106
Laurel, MS 39441
T: (601) 649-3351
F: (601) 426-9625
lewyoder@laurellaw.com

David C. Radulescu (*pro hac vice*)
Etai Lahav (*pro hac vice*)
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY 10118
T: (646) 502-5950
F: (646) 509-8117
david@radip.com
tigran@radip.com

***Counsel for Defendant Howard Industries, Inc.
d/b/a Howard Lighting***

14

## **CERTIFICATE OF SERVICE**

I, Richard Lewis Yoder, Jr., of the law firm Gilchrist Sumrall Yoder Yoder & Leggett, PLLC, do hereby certify that a copy of the foregoing document has been provided via the Electronic Filing System to the following:

J. Stephen Kennedy (MS Bar No. 100040)
BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC
100 Vision Drive, Suite 400
Jackson, MS 39211
T: (601)351-2400
skennedy@bakerdonelson.com

Jeremy P. Oczek (*pro hac vice*)
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
T: (716)416-7037
jpoczek@bsk.com

Dated: May 8, 2018                                              Respectfully submitted,


                                                                */s/ Richard Lewis Yoder, Jr.*
                                                                Richard L. Yoder, MSB #6640
                                                                Richard Lewis Yoder, Jr., MSB #100312
                                                                **GILCHRIST SUMRALL YODER**
                                                                **YODER & LEGGETT, PLLC**
                                                                415 North Magnolia, Suite 400
                                                                P.O. Box 106
                                                                Laurel, Mississippi 39441-0106
                                                                (601) 649-3351

                                                                *Attorneys for Defendant*
                                                                *Howard Industries, Inc*

15